VAN WAGGENEN *vs.* McDONALD.

It is irregular for a sheriff and jury, on executing writs of inquiry, to hear evidence in several causes before they retire to make up their inquisitions. Such irregularity may be waiven by the assent of parties; if not waived, the remedy is not by writ of error, but by motion to set aside the proceedings.

ERROR from the New-York common pleas. The error relied on is an *error in fact* specially assigned, to wit, that on the execution of the writ of inquiry in the suit in the court below, the sheriff and jury, after hearing the evidence in the cause between these parties, which was an action for an assault and battery, heard the evidence in *seven* other causes, two of which were for assaults and batteries, and one in slander, and heard the arguments of counsel in those several causes before they retired to consider of the inquisition to be made in this cause; and when they did retire, they deliberated at the same time upon the matters given them in charge in the several suits. The defendant in error pleaded *in nullo est erratum.*

*B. Ferris,* for plaintiff in error.

*J. A. Sidell,* for defendant.

*By the Court,* SUTHERLAND, J. The proceeding complained of was undoubtedly improper; but I am inclined to think it was an *irregularity* which should have been corrected by motion in the court below, and is not a subject of a writ of error. The error is no part of the record; it occurred in an interlocutory proceeding in the cause, which the court below, under certain circumstances, might, in the exercise of a sound discretion, have refused to set aside. It it should have appeared (as it might on motion) that the defendant below assented to the course of proceeding before the sheriff, he would have been precluded from availing himself of the irregularity. (*Colden* v. *Knickerbacker,* 2 Cowen, 51. 2 Dunlap's Pr. 1147 to 1154. 1 Archb. Pr. 211.) The judgment must be affirmed.

Judgment affirmed.